# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI,
# SOUTHERN DIVISION

| | |
|---|---|
| NAOMI MCGHEE, individually and on behalf of other similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No: |
| v. ) ) | **JURY TRIAL DEMANDED** |
| HOUSEMAX, INC. ) ) | |
| Defendant. ) ) | |

## CLASS ACTION COMPLAINT

1. Plaintiff Naomi McGhee brings this action against Defendant HouseMax, Inc. ("HouseMax"), to secure redress for HouseMax's practice of calling the cellular telephone numbers of Plaintiff and others using an automatic telephone dialing system and prerecorded voice, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### INTRODUCTION

2. Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money. As a result, the federal government and numerous states have enacted legislation to combat these widespread telemarketing abuses. As Congress recognized:

> Many customers are outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers…. Banning such automated or prerecorded telephone calls . . . except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Pub. L. No. 102-243, 105 Stat. 2394 § 2(6, 12) (1991).

3. As is relevant here, federal law under the TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii).

4. Defendant HouseMax sent a prerecorded call to Naomi McGhee's cellular telephone. Plaintiff is filing this class action complaint on behalf of herself and others similarly situated, seeking relief from HouseMax's illegal calling practices.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

6. The Court has personal jurisdiction over HouseMax and venue is appropriate in this District under 28 U.S.C. § 1391(b) because HouseMax does business in this District, is subject to the court's jurisdiction and maintains its registered office in this District, and is believed to have initiated the calls that are the subject of this lawsuit to Plaintiff and others in this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

## PARTIES

7. Plaintiffs Naomi McGhee is a natural person residing in this District in Kansas City, Missouri.

8. Defendant HouseMax Communications, Inc. d/b/a HouseMax is an active corporation with offices located at 430 N 5th Street in Kansas City, Kansas.

## FACTS

9. HouseMax is in the business of purchasing real estate.

10. To secure new customers, HouseMax relies on telemarketing.

11. On February 1, 2019, Plaintiff received a prerecorded voicemail from "Jason" at HouseMax on her cellular telephone number (816) 217-XXXX.

12. HouseMax did not have permission or consent to make the call to Plaintiff on her cellular telephone.

13. Plaintiff did not authorize the automated placement of calls to her cellular telephone.

14. Plaintiff did not furnish her cellular telephone number to HouseMax.

15. HouseMax's calls to the cellular telephones of Plaintiff and others were made using an automatic telephone dialing system ("autodialer") under the TCPA. The equipment had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. In other words, no human being physically dialed each digit of Plaintiff's and other Class members' telephone numbers to call their telephones—the calls were made using equipment with the capacity to dial a large number of telephone numbers in a short period of time, without human intervention. The equipment used to call Plaintiff and other Class members sequentially or randomly accessed their stored telephone

numbers, and automatically called them. The autodialers accessed a dataset provided by HouseMax or its vendor, sorted through that dataset to determine which data to use to generate a list of numbers to call, generated a brand-new sequence for calling those numbers based upon complex algorithms, and then called the numbers. HouseMax's dialers randomly and sequentially generated telephone numbers for calling from a dataset, and then automatically called those numbers.

16. In fact, the use of a prerecorded message is consistent with use of an autodialer, since it wouldn't make any logical sense to manually dial a call only to play a prerecorded message.

17. The equipment HouseMax used to contact Plaintiff and Class members constituted an "automatic telephone dialing system."

18. Plaintiff and the Class have been damaged by HouseMax's calls. Their privacy was improperly invaded, HouseMax's calls temporarily seized and trespassed upon the use of their telephones, and they were forced to divert attention away from other activities to address the calls. HouseMax's calls were annoying and a nuisance, and wasted the time of Plaintiff and the Class. *See, e.g., Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls).

19. Plaintiff suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the TCPA because of HouseMax's conduct.

20. Plaintiff's injury-in-fact is fairly traceable to the challenged representations and conduct of HouseMax.

21. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227 (Artificial/Prerecorded Voice Calls)

22. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

23. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

24. HouseMax initiated or caused to be initiated calls to the cellular telephone numbers of Plaintiff and other members of the Class defined below using an artificial or prerecorded voice.

25. These calls were made without regard to whether or not HouseMax had previously obtained express permission from Plaintiff or other members of the class to make such calls. In fact, HouseMax did not have prior express consent to call the cellular telephones of Plaintiff and other members of the Class when the calls were made.

26. HouseMax's calls were willful or knowing.

27. HouseMax violated the TCPA by making non-emergency calls to the cellular telephones of Plaintiff and other members of the Class using an artificial or prerecorded voice, without prior express consent.

28. On information and belief, some of the calls to Plaintiff and the Class were made by vendors of HouseMax. HouseMax is liable for those calls, too.

29. As a result of HouseMax's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and other members of the class were harmed and are each entitled to a minimum of $500 in damages for each violation. Plaintiff and other members of the Class are also entitled

to an injunction against future calls. 47 U.S.C. § 227(b)(3).

30. Because HouseMax knew or should have known that Plaintiff and other members of the Class had not given prior express consent to receive its calls using an artificial or prerecorded voice to the cellular telephones of Plaintiff and other members of the Class—and/or willfully caused calls to be made to the cellular telephones of Plaintiff and other members of the Class without prior express consent—the Court should treble the amount of statutory damages available to Plaintiff, pursuant to Section 227(b)(3) of the TCPA.

## COUNT II
### Violations of the TCPA, 47 U.S.C. § 227 (ATDS Calls)

31. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

32. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

33. HouseMax initiated or caused to be initiated calls to the cellular telephone numbers of Plaintiff and other members of the Class defined below using an automatic telephone dialing system.

34. These calls were made without regard to whether or not HouseMax had previously obtained express permission from the called party to make such calls. In fact, HouseMax did not have prior express consent to call the cellular telephones of Plaintiff and other members of the Class when the calls were made.

35. These calls were willful or knowing.

36. HouseMax violated the TCPA by making non-emergency calls to the cellular

telephones of Plaintiff and others using an automatic telephone dialing system without prior express consent.

37. On information and belief, some of the calls to Plaintiff and other members of the Class were made by vendors of HouseMax. HouseMax is liable for those calls, too.

38. As a result of HouseMax's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and other members of the Class were harmed and are each entitled to a minimum of $500 in damages for each violation. Plaintiff and other members of the Class are also entitled to an injunction against future calls. 47 U.S.C. § 227(b)(3).

39. Because HouseMax knew or should have known that Plaintiff and other members of the Class had not given prior express consent to receive its automated calls to their cellular telephones—and/or willfully caused automated calls to be made to the cellular telephones of Plaintiff and other members of the Class without prior express consent—the Court should treble the amount of statutory damages available to Plaintiff and other members of the Class, pursuant to Section 227(b)(3) of the TCPA.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action on behalf of a Class consisting of:

> All persons in the United States whose cellular telephone number HouseMax, or someone on HouseMax's behalf, called using a prerecorded message, from four years prior to the date of filing this action through the date of trial.

41. HouseMax called more than 40 unique cellular telephone numbers for telemarketing purposes using a prerecorded message.

42. Common questions of law or fact exist as to all members of the Class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the Class include but are not limited to:

a. Whether the calls to Plaintiff and the Class were made using an "automatic telephone dialing system" as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

b. Whether the calls to Plaintiff and the Class were made using a prerecorded message as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

c. Whether HouseMax had prior express consent to call the cellular telephone numbers of Plaintiff and other members of the Class; and

d. Damages, including whether any violations were performed willfully or knowingly such that Plaintiff and other members of the Class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

43. Plaintiff's claims are typical of the claims of other members of the Class. The factual and legal bases of HouseMax's liability to Plaintiff and other members of the Class are the same: HouseMax violated the TCPA by causing automated calls to be made to the cellular telephone number of each member of the Class, without permission.

44. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that might conflict with the interests of the Class. Plaintiff is interested in pursuing her claims vigorously, and she has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

45. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action

would entail. There are, on information and belief, thousands of Class members, such that joinder of all members is impracticable.

46. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

47. HouseMax has acted and failed to act on grounds generally applicable to Plaintiff and other members of the Class, thereby making relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the Class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct.

48. The identity of the Class is, on information and belief, readily identifiable from Defendant's records.

WHEREFORE, Plaintiff Naomi McGhee, individually and on behalf of the Class, respectfully requests that the Court enter judgment against HouseMax for:

A. Certification of the Class as alleged herein;

B. A declaration that Defendant violated the TCPA as to Plaintiff and the Class;

C. Injunctive relief aimed at ensuring the prevention of Defendant from violating the TCPA in the future;

D. Damages pursuant to 47 U.S.C. § 227(b)(3);

E. Costs, expenses, and attorneys' fees, to the extent permitted by law; and

F. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

                                      Respectfully submitted,
                                      THE SMITH LAW FIRM, LLC

                                      /s/ Neil Smith
                                      Neil Smith, #56789
                                      231 S. Bemiston, Suite 800
                                      Clayton, Missouri 63105
                                      Phone (314) 725-4400
                                      Cellular (314) 974-3266
                                      neil@smithlawfirm.com