**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

NAOMI MCGHEE, individually and on )
behalf of others similarly situated, )
                              )
         Plaintiff, )
                              )
    vs. )          Case No. 6:19-cv-03371-MDH
                              )
HOUSEMAX, INC. )
                              )
         Defendant. )

## ANSWER TO CLASS ACTION COMPLAINT

Defendant House Max, Inc. d/b/a HouseMax ("HouseMax"), by and through counsel, for

its Answer to the Class Action Complaint (the "Complaint," Doc. 1), states as follows:

1.       HouseMax admits Plaintiff purports to bring this action pursuant to the Telephone

Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, but denies the remainder of the allegations

contained in Paragraph 1 of the Complaint.

### ANSWER TO INTRODUCTION

2.       In response to Paragraph 2 of the Complaint, HouseMax admits the cited

language appears in Pub. L. No. 102-243, 105 Stat. 2394 § 2(6, 12) (1991), but HouseMax lacks

knowledge and information sufficient to answer the remainder of the allegations contained in

Paragraph 2 of the Complaint, and therefore denies the same.

3.       Paragraph 3 of the Complaint contains only legal conclusions for which no

response is required.  To the extent a response is required, HouseMax admits the statute is

accurately cited in part, but denies it has violated any such federal law and denies the remainder

of the allegations in Paragraph 3 of the Complaint.

4.      In response to Paragraph 4 of the Complaint, HouseMax admits Plaintiff purports to bring this action on behalf of herself and others similarly situated, but denies the remainder of the allegations contained in Paragraph 4 of the Complaint.

## ANSWER TO JURISDICTION AND VENUE

5.      Paragraph 5 of the Complaint contains only legal conclusions for which no response is required.  To the extent a response is required, HouseMax does not dispute and admits the Court has subject matter jurisdiction over this matter.

6.      Paragraph 6 of the Complaint contains only legal conclusions for which no response is required.  To the extent a response is required, HouseMax does not dispute and admits venue is appropriate with this Court.

## ANSWER TO THE PARTIES

7.      HouseMax lacks knowledge and information sufficient to answer the allegations contained in Paragraph 7 of the Complaint, and therefore denies the same.

8.      HouseMax admits it is a corporation, active and in good standing, with a principle place of business at 430 North 5th Street, Kansas City, Kansas, but denies the remainder of the allegations in Paragraph 8 of the Complaint.

## ANSWER TO FACTS

9.      Paragraph 9 of the Complaint is admitted.

10.     Paragraph 10 of the Complaint is denied.

11.     HouseMax lacks knowledge and information sufficient to answer the allegations contained in Paragraph 11 of the Complaint, and therefore denies the same.

12.     Paragraph 12 of the Complaint is denied.

13.     Paragraph 13 of the Complaint is denied.

14. Paragraph 14 of the Complaint is admitted.

15. Paragraph 15 of the Complaint contains, in part, legal conclusions for which no response is required. To the extent a response is required, HouseMax denies the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint is denied.

17. Paragraph 17 of the Complaint contains only legal conclusions for which no response is required. To the extent a response is required, HouseMax denies the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint is denied.

19. Paragraph 19 of the Complaint is denied.

20. Paragraph 20 of the Complaint is denied.

21. Paragraph 21 of the Complaint is denied.

### **ANSWER TO COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227 (Artificial/Prerecorded Voice Calls)**

22. In response to paragraph 22 of the Plaintiff's Complaint, Defendant's responses to Paragraphs 1 through 21 above are incorporated here by reference.

23. Paragraph 23 of the Complaint contains only legal conclusions for which no response is required. To the extent a response is required, HouseMax admits the statute is accurately cited in part, but denies it has violated any law and denies the remainder of the allegations in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint is denied.

25. Paragraph 25 of the Complaint is denied.

26. Paragraph 26 of the Complaint is denied.

27. Paragraph 27 of the Complaint is denied.

28.     Paragraph 28 of the Complaint is denied.

29.     Paragraph 29 of the Complaint is denied.

30.     Paragraph 30 of the Complaint is denied.

## ANSWER TO COUNT II
### Violations of the TCPA, 47 U.S.C. § 227 (ATDS Calls)

31.     In response to paragraph 31 of the Plaintiff's Complaint, Defendant's responses to Paragraphs 1 through 30 above are incorporated here by reference.

32.     Paragraph 32 of the Complaint contains only legal conclusions for which no response is required.  To the extent a response is required, HouseMax admits the statute is accurately cited in part, but denies it has violated any law and denies the remainder of the allegations in Paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint is denied.

34.     Paragraph 34 of the Complaint is denied.

35.     Paragraph 35 of the Complaint is denied.

36.     Paragraph 36 of the Complaint is denied.

37.     Paragraph 37 of the Complaint is denied.

38.     Paragraph 38 of the Complaint is denied.

39.     Paragraph 39 of the Complaint is denied.

## ANSWER TO CLASS ACTION ALLEGATIONS

40.     Paragraph 40 of the Complaint contains only legal conclusions for which no response is required.  To the extent a response is required, HouseMax admits Plaintiff purports to bring this lawsuit as a class action, but denies the remainder of the allegations in Paragraph 40 of the Complaint.

41.     Paragraph 41 of the Complaint is denied.

42. Paragraph 42 of the Complaint contains only legal conclusions for which no response is required. To the extent a response is required, HouseMax denies the allegations contained in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint contains only legal conclusions for which no response is required. To the extent a response is required, HouseMax denies the allegations contained in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains only legal conclusions for which no response is required. To the extent a response is required, HouseMax denies the allegations contained in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint contains only legal conclusions for which no response is required. To the extent a response is required, HouseMax denies the allegations contained in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint contains only legal conclusions for which no response is required. To the extent a response is required, HouseMax denies the allegations contained in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint contains only legal conclusions for which no response is required. To the extent a response is required, HouseMax denies the allegations contained in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint contains only legal conclusions for which no response is required. To the extent a response is required, HouseMax denies the allegations contained in Paragraph 48 of the Complaint.

WHEREFORE, having fully answered the Plaintiff's Class Action Complaint, Defendant denies that the Plaintiff is entitled to any of the relief requested, and respectfully requests that

Plaintiff's Class Action Complaint be dismissed, or alternatively, that judgment on Plaintiff's Class Action Complaint be entered in favor of Defendant and against Plaintiff, along with Court costs, reasonable attorney's fees, and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Defendant specifically denies each and every allegation not expressly admitted herein.

2. The Complaint fails to state a claim upon which relief can be granted.

3. Defendant denies that it used equipment to make any "calls" to Plaintiff or the putative class using an "automatic telephone dialing system or an artificial or prerecorded voice" as defined in the TCPA.

4. Defendant denies that the voice mail message(s) alleged in Plaintiff's Complaint are "calls" subject to the TCPA.

5. Defendant denies the existence, nature, extent, and duration of Plaintiff's or the putative class' alleged injuries and damages.

6. Plaintiff and the putative class are barred from any equitable relief for the reason that Plaintiffs have an adequate remedy at law, although Defendant denies that any facts exist to support a claim at law or equity.

7. Plaintiff's and the putative class' claims are barred because of their failure to mitigate damages.

8. Plaintiff's and the putative class' claims are barred, in whole or in part, to the extent any damages, if any, were caused by the acts or omissions of third parties over whom Defendant had no control.

9. Defendant acted with subjective good faith and had an objectively reasonable belief that its conduct did not violate the law.

10. Plaintiff's claims may be barred, in whole or in part, by consent, waiver, estoppel, laches or unclean hands.

11. Plaintiff's claims are barred because Defendant's alleged conduct, which Defendant states was not a violation of the law, was not willful, knowing or intentional.

12. Defendant presently has insufficient knowledge of additional, as yet unstated, affirmative defenses available, and reserves the right to assert additional affirmative defenses in the event discovery indicates such would be appropriate.

## JURY DEMAND

HouseMax requests a trial by jury on all issues so triable.

WHEREFORE, having fully answered the Plaintiff's Class Action Complaint, Defendant denies that the Plaintiff is entitled to any of the relief requested, and respectfully requests that Plaintiff's Class Action Complaint be dismissed, or alternatively, that judgment on Plaintiff's Class Action Complaint be entered in favor of Defendant and against Plaintiff, along with Court costs, reasonable attorney's fees, and such other relief as the Court deems just and proper.

Respectfully submitted,

**SEIGFREID BINGHAM, P.C.**

By:   /s/ Shannon D. Johnson
Shannon D. Johnson, MO #60180
Curry P. Sexton, MO #71595
2323 Grand Boulevard, Suite 1000
Kansas City, Missouri 64108
T: 816-421-4460
F: 816-474-3447
sjohnson@sb-kc.com
csexton@sb-kc.com
*Attorneys for Defendants*

1521457v1

7

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 26, 2019, the foregoing was filed electronically and served on all parties of interest receiving electronic notices in the above-captioned proceedings through the Court's CM/ECF System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including:

Dennis Neil Smith, Jr.
The Smith Law Firm, LLC
231 South Bemiston Avenue, Ste. 800
Clayton, Missouri 63105
314.725.4400
neil@smithlawfirm.com

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Ste. 2400
Hingham, Massachusetts 02043
508.221.1510
anthony@paronichlaw.com

Samuel J. Strauss
Turke & Strauss LLP
613 William Street, Ste. 201
Madison, Wisconsin 53703
608.237.1775
sam@turkestrauss.com

*Attorneys For Plaintiff*

/s/ Shannon D. Johnson
*Attorney for Defendants*

1521457v1

8